FILED
2006 Mar-17  PM 03:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **WILLIAM ERIC CLARK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CV 05-B-0633-S** |
| | ) | |
| **MGA, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION**

This case is presently before the court on Motions to Dismiss, filed by defendants MGA, (doc. 8); UPS, (doc. 9); Select Media Services, L.L.C., (doc. 22); Mile High Media, (doc. 36); LFP, Inc., (doc. 11); and Fraserside Holding, Ltd., (doc. 32). Plaintiff has sued defendants alleging defendants violated the Racketeer Influenced and Corrupt Organization Act ["RICO"]. For the reasons set forth below, the court finds defendants MGA, UPS, Select Media Services, and Mile High Media, are due to be dismissed as the claims against these defendants are barred by res judicata based on the dismissal with prejudice of plaintiff's claims in *Clark v. MGA*, CV 05-AR-0208-S [hereinafter *Clark I*]. The court finds Fraserside is due to be dismissed for lack of personal jurisdiction, and defendants LFP and Fraserside are due to be dismissed because plaintiff's Complaint fails to state a claim against these defendants upon which relief can may be granted.

## I. RES JUDICATA

Defendants MGA, UPS, Select Media Services, and Mile High Media contend that plaintiff's claims against them are due to be dismissed as such claims are precluded by the prior order of this court in *Clark I*.   In response, plaintiff states that he "does not challenge that res judicata would bar this present action." (Doc. 23.)  In light of plaintiff's concession, all his claims against defendants MGA, UPS, Select Media Services and Mile High Media are due to be dismissed with prejudice.

## B. PERSONAL JURISDICTION

On a Motion to Dismiss for lack of personal jurisdiction, "[w]hen the district court does not conduct a discretionary evidentiary hearing . . . , the plaintiff must establish a prima facie case of personal jurisdiction over the nonresident defendant."   *Cable/Home Communication Corp. v. Network Productions, Inc.*, 902 F.2d 829, 855 (11th Cir. 1990)(citing *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988); *Delong Equip. Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988)). "A prima facie case is established if the plaintiff presents sufficient evidence to defeat a motion for directed verdict," and  "[t]he district court must accept the facts alleged in the complaint as true, to the extent that they are uncontroverted by the defendant's affidavits." *Id*. (citing *Morris*, 843 F.2d at 492 (citing *Delong Equip. Co.*, 840 F.2d at 845)) (internal quotations omitted).

Defendant Fraserside contends that this court lacks personal jurisdiction over it. Fraserside has presented evidence that it is a foreign corporation with its principal place of

business in Europe.  (Doc. 32, Ex. 1.) Moreover, it has presented evidence that it does not

ship any goods to Alabama, as its distribution in the United States is handled by contractor.

 (*Id*.) Plaintiff did not present any argument or evidence to the contrary.  (*See* doc. 43.)

Therefore, defendant Fraserside Holding's Motion to Dismiss for lack of personal

jurisdiction is due to be granted.

## III.  <u>FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED</u>

The Eleventh Circuit Court of Appeals has stated that a Motion to Dismiss "is viewed

with disfavor and rarely granted."  *Brooks v. Blue Cross and Blue Shield*, 116 F.3d 1364,

1369 (11th Cir. 1997)(citing *Madison v. Purdy*, 410 F.2d 99, 100 (5th Cir. 1969);

*International Erectors, Inc. v. Wilhoit Steel Erectors & Rental Service*, 400 F.2d 465, 471

(5th Cir. 1968)).  When deciding a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the

court "must accept the allegations set forth in the complaint as true."  *Gonzalez v. McNary*,

980 F.2d 1418, 1419 (11th Cir. 1993)(citing *Hishon v. King & Spalding*, 467 U.S. 69, 73

(1984); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986)); *see also Jackson v.*

*Okaloosa County*, 21 F.3d 1531, 1534 (11th Cir. 1994).  The court will dismiss a claim only

when it is clear that no relief could be granted under any set of facts consistent with the

allegations in the Complaint.  *Hishon*, 467 U.S. at 73; *Conley v. Gibson*, 355 U.S. 41, 45-46

(1957).  "A complaint may not be dismissed because the plaintiff's claims do not support the

legal theory he relies upon since the court must determine if the allegations provide for relief

on *any* possible theory."  *Brooks*, 116 F.3d at 1369 (citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967))(emphasis in original).

"[T]he threshold that a complaint must meet to survive a motion to dismiss is 'exceedingly low.'" *Holley v. City of Roanoke*, 162 F. Supp. 2d 1335, 38 (M.D. Ala. 2001)(quoting *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985)). "[A] defendant thus bears the 'very high burden' of showing that the plaintiff cannot conceivably prove any set of facts that would entitle him to relief." *Beck v. Deloitte & Touche*, 144 F.3d 732, 735-736 (11th Cir. 1998)(citing *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986)), *cited in McClendon v. May*, 37 F. Supp. 2d 1371, 1375 (S.D. Ga. 1999).

Defendant Fraserside and LFP contend that plaintiff's Complaint is due to be dismissed for failure to state a claim.  The heart of plaintiff's claim is his allegation that defendants participated in an enterprise that existed to deal in obscenity in violation of RICO. With regard to defendants Fraserside and LFP, plaintiff's Complaint alleges:

> 1.  Fraserside and LFP "conspired [with the other named defendants] to transport obscene material into Alabama and across the United States and Canada for commerical sale and operated an enterprise for that purpose in order to make money."  (Doc. 1 ¶ 1.)
>
> 2.  Fraserside and LFP are "producers of pornography."  (*Id.* ¶ 3.)
>
> 3.  Fraserside and LFP and the other named defendants –
>
> since at least 1999 conspired to and in fact did import for sale and distribution tens of thousands, or more, of obscene and pornographic

videotapes and DVDs and magazines into Alabama and all across the U.S. and Canada.

Defendant MGA Executives . . . were Co-Conspirators with each other and the other defendants in this racketeering activity as defined in 18 U.S.C. 1961(1) (dealing in obscene matter).  (*Id*. ¶ 7.)

4.    Fraserside and LFP "produced many of the obscene videotapes/DVDs purchased by . . . Defendant [MGA] for sale or rental.  They placed their goods with Defendant UPS for shipment via interstate commerce for delivery to Defendant MGA . . . .  (*Id*. ¶ 11.)

5.    Fraserside and LFP "did knowingly combine and confederate together with each other and others on thousands of dates before the filing of this Complaint, to disseminate and distribute hard-core, obscene videotapes/DVDs and magazines through interstate commerce throughout the United States . . . to profit and obtain benefits therefrom, and in violation of 18 U.S.C. Section [1962] (c)-(d) . . . ."  (*Id*. ¶ 12.)

6.  "All Defendants conspired to violate 18 U.S.C. 1962(c) which is prohibited under 18 U.S.C. 1962(d) by Defendant MGA selling and/or renting the obscenity it ordered from  . . . LFP . . . and Fraserside . . . .  (*Id*.  ¶ 13.)

In his Complaint, plaintiff identifies two subsections of 18 U.S.C. § 1962 he contends defendants violated – § 1962(c) and (d).  (*Id*. ¶ 13.)

In order to state a claim under § 1962(c), plaintiff must allege that defendants Fraserside and LFP "participate[d] in the operation or management of the enterprise itself That is, [Fraserside and LFP] must have some part in directing the affairs of the enterprise." *Williams v. Mohawk Industries*, 411 F.3d 1252, 1258 (11th Cir. 2005)(quoting *Reves v. Ernst & Young*, 507 U.S. 170, 179, 185 (1993))(internal quotations and citations omitted). Assuming that the defendants had a loose association for the purpose of distributing obscenity, nothing in the Complaint even hints that Fraserside and LFP exercised any

5

direction over any part of the enterprise.  Indeed, plaintiff's Complaint alleges that MGA and

UPS – not Fraserside and  LFP – operated the enterprise.  (Doc. 1 ¶ 13.)

Therefore, the court finds that plaintiff's Complaint fails to state a cause of action

against defendants Fraserside and LFP for a violation of 18 U.S.C. § 1962(c).

Plaintiff also alleges that Fraserside and LFP conspired to violate 18 U.S.C. § 1962(c),

which is a violation of 18 U.S.C. § 1962(d).  The Eleventh Circuit has held:

> Section 1962(d) makes it unlawful to conspire to violate any of the substantive
> provisions of RICO, including § 1962(c).  A plaintiff can establish a RICO
> conspiracy claim in one of two ways:  (1) by showing that the defendant
> agreed to the overall objective of the conspiracy; or (2) by showing that the
> defendant agreed to commit two predicate acts.  *United States v. Church*, 955
> F.2d 688, 694 (11th Cir.)(internal quotations and citations omitted), *cert.
> denied*, 506 U.S. 881 (1992); *United States v. Kopituk*, 690 F.2d 1289, 1323
> (11th Cir. 1982)(noting that it is sufficient that defendant knows of the
> "essential nature of the plan")(citations omitted), *cert. denied*, 461 U.S.
> 928(1983).

*Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 950 (11th Cir.

1997).  The complaint must allege facts sufficient to allow an inference that defendants

"agreed to the overall objective of the conspiracy" or that they "agreed to commit two

predicate acts."  *Id*. (citing *O'Malley v. O'Neill*, 887 F.2d 1557, 1559 (11th Cir. 1989)).

To establish a conspiracy claim against LFP and Fraserside, plaintiff must allege

sufficient facts to allow an inference that LFP and Fraserside agreed to distribute obscene

material or that they agreed to transport obscene material on two occasions.  The Complaint,

however, contains only conclusory allegations of a conspiracy, which is insufficient to

support the conspiracy claim.  *Hansel v. All Gone Towing Co.*, 132 Fed. Appx. 308, 310 (11th Cir. 2005)(citing *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984)).

Also, plaintiff's Complaint contains no specific allegations to support his assertion that LFP or Fraserside transported "obscene" videotapes or DVDs that were sold or rented by MGA, or that they agreed to participate with the other defendants in a conspiracy to distribute obscene material.  Specifically, the court notes:

> Section 1961 requires that a RICO plaintiff establish that a defendant could be convicted for violating any of its predicate statutes.  Therefore, in order to survive a motion to dismiss, a plaintiff must allege facts sufficient to support each of the statutory elements for at least two of the pleaded predicate acts.

*Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 948-49 (11th Cir. 1997)(citing *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 486-88 (1985); *Central Distributors of Beer, Inc. v. Conn*, 5 F.3d 181, 183-84 (6th Cir. 1993), *cert. denied*, 512 U.S. 1207 (1994); 18 U.S.C. § 1961).

Plaintiff does not identify even one videotape or DVD transported by LFP or Fraserside to MGA in violation of federal anti-obscenity law.  Indeed, whether a particular videotape or DVD was obscene, so that it violated 18 U.S.C. § 1461-65, requires a factual determination based upon, among other considerations, the standards of the relevant community.  Plaintiff has not alleged with any particularity that videotapes or DVDs produced by these defendants were actually obscene under federal law. *Ashcroft v. American Civil Liberties Union*, 542 U.S. 656, 678 (2004) ("Material is legally obscene if (a) the average person, applying contemporary community standards would find that the work, taken

as a whole, appeals to the prurient interest; (b) the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law; and (c) the work, taken as a whole, lacks serious literary, artistic, political, or scientific value." (quoting *Miller v. California*, 413 U.S. 15, 24 (1973)))(internal quotations omitted).

Moreover, plaintiff has submitted invoices from LFP and defendant Mile High Media, which specifically state that the videotapes and DVDs produced by these defendants are not to resold where such sale would be illegal. (Doc. 24, Ex. E (Mile High's invoice states, "NOT TO BE RESOLD WHERE PROHIBITED BY LAW. This order contains X-Rated Adult Material that your buyer has declared legal in the jurisdiction where they will be sold"); *id*., Ex. F (LFP's invoice states, "The purchaser agrees that, as an essential part of this purchase agreement, they are familiar with the laws and community standards of their customer base and represent and agree that they will not ship any of the products purchased from LFP Video, Inc. into any community in violation of such laws and/or standards.").) Such evidence rebuts any inference that Mile High or LFP agreed to transport or participate in the distribution of obscene material.

Therefore, plaintiff's claims based on § 1962(d) are due to be dismissed for failure to state a claim.

Even if the court were to find that the Complaint stated a RICO claim against defendants LFP and Fraserside, plaintiff's Complaint would still be due to be dismissed because it fails to allege an actionable RICO injury. The Eleventh Circuit has held:

> In order for a pattern of racketeering activity to be a cognizable cause of civil RICO injury to a private plaintiff, one or more of the predicate acts must not only be the "but for" cause of the injury, but the proximate cause as well. [*Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 268 (1992); *Beck v. Prupis*, 162 F.3d 1090, 1095-96 (11th Cir. 1998)]. A wrongful act is "a proximate cause if it is a substantial factor in the sequence of responsible causation." *Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1399 (11th Cir. 1994)(internal quotation omitted). Plaintiffs must show a "direct relation between the injury asserted and the injurious conduct alleged." *Holmes*, 503 U.S. at 268.

*Green Leaf Nursery v. E.I. DuPont De Nemours and Co.*, 341 F.3d 1292, 1307-08 (11th Cir. 2003). A "plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business . . . by the conduct constituting the violation." *Williams v. Mohawk Industries*, 411 F.3d 1252, 1263 (11th Cir. 2005)(quoting *Sedima S.P.R.L. V. Imrex Co.*, 473 U.S. 479, 496-97 (1985)).

Plaintiff's Complaint alleges that he operated a "comparatively small" business selling videotapes and DVDs. (Doc. 1 ¶ 4.) He contends that he "found it increasingly difficult to compete with the ***more established video merchants as they could charge less for the same product***," (*id*. ¶ 5 [emphasis added]), and that he closed his business because "he could not make a profit," (*id*. ¶ 6.) He also contends that defendant MGA "was able to offer its non-obscene material at a much lower price than Plaintiff could since [MGA] made substantial profit on the sale of its pornography inventory . . . ." (*Id*. ¶ 8.)

The court finds that plaintiff's Complaint does not allege a injury that was proximately and directly caused by the alleged racketeering activity. As the Complaint states, plaintiff's difficulty in maintaining a competitive business was affected by "more established video

merchants" and their ability to under price him, not MGA's alleged dealings in obscene

material.  Even assuming that MGA was able to underprice plaintiff based on the profit

gained from the *sale* of allegedly obscene videotapes, DVDS, and movies, such activity is

not racketeering activity.[1]  Plaintiff's alleged injury is too remote from the transporting of

obscene material, which is racketeering activity, to support a RICO claim.

The court finds that plaintiff has not alleged an injury for which he is entitled to relief.

Therefore, plaintiff's Complaint is due to be dismissed against LFP and Fraserside for failure

to state a claim for which relief can be granted.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that plaintiff's claims against

defendants MGA, UPS, Select Media Services, L.L.C., Mile High Media, LFP, Inc., and

Fraserside Holding, Ltd., are due to be dismissed.[2]  An Order granting defendants' Motions

---

[1]The RICO statute defines "racketeering activity" as including violations of "sections 1461-1465," *see* 18 U.S.C. § 1961; these statutes deal with mailing, importing, transporting, and broadcasting obscene material, *see* 18 U.S.C. §§ 1461-1465.  RICO does not include 18 U.S.C. § 1466, "Engaging in the business of selling or transferring obscene matter," within the definition of racketeering activity.  Plaintiff alleges that defendant MGA sold obscene material and that the sale of this material caused his injury; however, selling obscene material is not racketeering activity.

[2]The court notes that plaintiff, who is represented by counsel, has not asked for permission to amend his Complaint.  "A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."  *Wagner v. Daewoo Heavy Industries America Corp.*, 314 F.3d 541, 542 (11th Cir. 2002).

to Dismiss, (docs. 8, 9, 11, 22, 32, 36), will be entered contemporaneously with this

Memorandum Opinion.

**DONE**, this 16th day of March, 2006.

_Sharon Lovelace Blackburn_
SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE